[Cite as *Givens v. Ohio Dept. of Rehab. & Corr.*, 2017-Ohio-819.]

JEROME GIVENS

    Plaintiff

    v.

OHIO DEPARTMENT OF
REHABILITATION AND CORRECTION

    Defendant

Case No. 2016-00324

Judge Patrick M. McGrath
Magistrate Sophia Chang

<u>ENTRY GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT</u>

**{¶1}** On September 8, 2016, defendant filed a motion for summary judgment. Plaintiff did not file a response. The motion for summary judgment is now before the court for a non-oral hearing pursuant to Civ.R. 56 and L.C.C.R. 4.

**{¶2}** Civ.R. 56(C) states, in part, as follows:

**{¶3}** "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." *See also Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317 (1977).

**{¶4}** At all relevant times, plaintiff was an inmate in the custody and control of defendant at Lake Erie Correctional Institution (LECI). Plaintiff claims that the dental

staff at LECI was negligent and broke his tooth while performing dental work on him. In its motion for summary judgment, defendant argues that LECI is privately owned and operated, and that its dental providers are employees of Correction Corporation of America (CCA), which is an independent contractor of defendant. Defendant further states that because CCA is not a state entity or agency, the court does not have jurisdiction over the claim.

{¶5} An employer is generally not liable for the negligent acts of an independent contractor that it has hired. *Pusey v. Bator*, 94 Ohio St.3d 275, 278 (2002). "However, an employer cannot likewise evade liability if the negligent party is the employer's employee or agent. Under the doctrine of respondeat superior, an employer is vicariously liable for the negligence of its employees or agents." *Wright v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 14AP-153, citing *Natl. Union Fire Ins. Co. v. Wuerth*, 122 Ohio St.3d 594, 2009-Ohio-3601, ¶ 20.

{¶6} "The Ohio Supreme Court has set out a test to distinguish an agency relationship (sometimes also referred to as a master-servant relationship) from an employer-independent contractor relationship: 'Did the employer retain control of, or the right to control, the mode and manner of doing the work contracted for? If he did, the relationship is that of principal and agent or master and servant. If he did not but is interested merely in the ultimate result to be accomplished, the relationship is that of employer and independent contractor.'" *Title First Agency, Inc. v. Xpress Closing Serv., Inc.*, 10th Dist. Franklin No. 03AP-179, 2004-Ohio-242, ¶ 11, quoting *Councell v. Douglas*, 163 Ohio St. 292 (1955), paragraph one of the syllabus.

{¶7} "In determining whether an employer has the degree of control necessary to establish agency, courts examine a variety of factors, including: whether the employer or individual controls the details of the work; whether the individual is performing in the course of the employer's business rather than in an ancillary capacity; whether the individual receives compensation from the employer, and the method of that

compensation; whether the employer or individual controls the hours worked; whether the employer or individual supplies the tools and place of work; whether the individual offers his services to the public at large or to one employer at a time; the length of employment; whether the employer has the right to terminate the individual at will; and whether the employer and individual believe that they have created an employment relationship." *Wright v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 14AP-153, 2014-0hio-4359, ¶ 10.

{¶8} In support of its motion, defendant provides the affidavit of Trevor Clark, who states:

{¶9} "1. I have been employed by [defendant] as Assistant Chief Counsel since October 5, 2015. Before that, I was Staff Counsel since August 1, 2007. I have personal knowledge of the matters hereinafter referred to, and make this affidavit in support of Defendant's Motion for Summary Judgment.

{¶10} "2. All of the providers in the dental division of [LECI] are employees or agents of [CCA]. In fact, everyone that works at [LECI] is an employee or agent of CCA.

{¶11} "3. CCA, independent from [defendant] and the state of Ohio, owns and operates [LECI] pursuant to a contract with [defendant].

{¶12} "4. CCA owns the premise of [LECI] and is responsible for procuring the equipment and supplies necessary to operate it.

{¶13} "5. While CCA operates and maintains [LECI] in accordance with contractual and statutory criteria, it does so independently.

{¶14} "6. [Defendant] is not involved in CCA's decision making and does not control the details of the work.

{¶15} "7. [Defendant's] employees are not involved in the institution's daily operations nor does [defendant] play any part in hiring, paying, or supervising CCA's employees.

{¶16} "8. CCA controls the hours worked and amount paid to each of its employees."

{¶17} Plaintiff did not submit any evidence to refute the statements contained in the affidavit supporting defendant's motion.  Civ.R. 56(E) provides: "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."

{¶18} Based on the undisputed testimony and viewing this matter in light most favorable to plaintiff, the court finds that there is no issue of material fact surrounding the relationship between CCA and defendant, and that the relationship is one of an independent contractor rather than an agency relationship.  Therefore, because LECI is owned, operated, and maintained by CCA, defendant is not liable for the alleged negligent acts of CCA's staff.

{¶19} Accordingly, defendant's motion for summary judgment is hereby GRANTED and judgment is rendered in favor of defendant.  All previously scheduled events are VACATED.  Court costs are assessed against plaintiff.  The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
PATRICK M. MCGRATH
Judge

cc:

Jerome Givens
487 Sunshine Avenue
Youngstown, Ohio 44505

Jeanna V. Jacobus
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

**Filed January 5, 2017**
**Sent to S.C. Reporter 3/7/17**